CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAY 0 2 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KAPPA SIGMA FRATERNITY,<br>                                             *Plaintiff*,<br><br>v.<br><br>RICHARD G. MILLER MEMORIAL<br>FOUNDATION,<br>*formerly Kappa Sigma Memorial*<br>*Foundation*,<br>                                             *Defendant*.<br><br>RICHARD G. MILLER MEMORIAL<br>FOUNDATION,<br>*formerly Kappa Sigma Memorial*<br>*Foundation*,<br>                   *Counterclaim Plaintiff*,<br><br>v.<br><br>KAPPA SIGMA FRATERNITY,<br>                 *Counterclaim Defendant*. | CIVIL NO. 3:07CV00026<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

      It has come to the Court's attention that the parties to this action have thus far filed the entirety of their summary judgment-related materials, consisting of perhaps a thousand or more pages, under seal. Not satisfied to seal only their exhibits, the parties have filed even their supporting memoranda and response briefs under seal. As authority for this sealing, they cite a seventeen-page Stipulated Protective Order (SPO), which the parties drafted and agreed to without the Court's intervention, and which was entered on January 18, 2008 by the magistrate judge. Paragraph 10 of the SPO states that "[a]ll pleadings and/or other materials filed with the Court will be filed publicly, except that any and all portions which incorporate and/or disclose

Protected Materials shall be filed separately and under seal, without the need for a further order by the Court . . . ." (SPO ¶ 10.)

Though sometimes properly permitting a specified document or documents to be sealed, a protective order is, by definition, an order related to *discovery*, Fed. R. Civ. P. 26(c), and consistent with this principle, the vast majority of the SPO's provisions are devoted to discovery issues. Indeed, except for paragraph 10, the SPO appears to a legitimate, albeit unusually detailed, exercise of the parties' right to agree that certain information exchanged between them in the course of discovery will remain confidential. As the Western District of Virginia's Standing Order No. 2005-4 makes clear, however, such an agreement between the parties cannot extend "to the sealing of documents filed in court without following the mandatory procedures set forth in [the] Standing Order. In other words, the parties cannot seal documents filed in court merely by agreement . . . ." Standing Order No. 2005-4, at 4, *available at* http://www.vawd.uscourts.gov/storders/SealedDocsAmend.pdf. The fact that the parties' agreement was styled a "Stipulated Protective Order" and was signed by the magistrate judge does not abrogate the "mandatory" character of the Standing Order's procedures, nor does it abrogate the common law and First Amendment "right of public access to documents or materials filed in a district court."[1] *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). Moreover, even if the parties could seal documents filed in court merely by agreement, there is nothing in the SPO that contemplates an agreement to file *everything* under

---

[1] Even paragraph 10 acknowledges that the sort of blanket sealing the parties are now attempting is not appropriate in all circumstances: "Protected Material introduced into evidence *at trial* shall not be sealed or otherwise treated as confidential by the Court except pursuant to a further order of the Court . . . ." (SPO ¶ 10 (emphasis added).) However, inasmuch as a motion for summary judgment turns on whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," I discern no reason why the standard for sealing such evidence at trial should differ from that on summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

seal. (*See, e.g.*, SPO ¶ 4.1 (detailing the parties' self-imposed duty to exercise "Restraint and Care in Designating Material for Protection").)

Certainly, the public's right of access to materials filed in court is not unlimited, and there may well be legitimate reasons for the Court to seal at least some of the materials heretofore filed. A cursory review of those materials suggests, however, that the parties' own efforts in this regard can most charitably be characterized as "indiscriminate." Although I am prepared to consider arguments justifying the sealing of specific documents in accordance with the Standing Order, I would remind the parties that this action does not concern matters of national security. A response to this Order demonstrating a genuine effort to distinguish those items that *need* to be sealed from those that the parties would merely *prefer* to keep private is more likely to receive a favorable response from the Court than a claim that there is not a single document in any of the filings that can be made public.

## CONCLUSION

1. Paragraph 10 is hereby STRICKEN from the Stipulated Protective Order (docket #29), which is thereby VACATED IN PART. All other provisions of the Stipulated Protective Order shall remain in effect.

2. For all future filings in which a party wishes to file a document under seal, the filing party is hereby ORDERED to adhere to the procedures and requirements set forth in Standing Order No. 2005-4.[2]

3. Within seven (7) days of the date of this Order, the parties are hereby ORDERED TO SHOW CAUSE, consistent with Standing Order No. 2005-4, why each document heretofore

---

[2] Because the parties' reply briefs are due in only one business day, and they have no doubt been planning to file them under seal, I will extend the time for filing the unsealed motions and proposed orders required by Standing Order No. 2005-4 to Wednesday, May 7, 2008.

filed under seal should not be unsealed. Any document for which such cause does not exist, as determined by the filing party or the Court, may be withdrawn by the filing party. As an alternative to unsealing or withdrawal, the Court will consider a request by the filing party to file a redacted copy of the document, with the unredacted copy to remain under seal, but the proposed redaction must be reasonable and touch only matters unrelated to the present action.

4. Given the abbreviated briefing scheduled and the impending trial date, the Court is prepared to consider motions for a brief postponement of the hearing on the cross-motions for summary judgment or for a continuance of the trial date.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

Entered this 2nd day of May, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE